IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD JONES,

        Plaintiff,

        v.

OLD DOMINION FREIGHT
LINE, INC., et al.,

        Defendants.

Civil Action 2:17-cv-1127
Judge Michael H. Watson
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand to State Court (Doc. 7) and Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery Related to Plaintiff's Motion to Remand (Doc. 17). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Remand be **GRANTED,** but Plaintiff's request for attorney's fees is **DENIED**. Further, Plaintiff's Motion to Conduct Limited Jurisdiction Discovery is **DENIED.**

### I. BACKGROUND

Plaintiff initiated this action on November 17, 2017, in the Franklin County Court of Common Pleas against his former employer, Old Dominion Freight Line, Inc. ("Old Dominion") and his former terminal manager John Zielinksi, after Plaintiff was terminated from his employment as a truck driver. (Doc. 3 at 1). Plaintiff alleges that following rotator cuff surgery, he took twelve weeks of leave under the Family Medical Leave Act and then requested unpaid leave, but instead was fired. (*Id.* at 2). According to Plaintiff, he was "one of the oldest employees at his terminal." (*Id.*). Based upon these allegations, Plaintiff brought six claims

against Defendants under Ohio Revised Code Chapter 4112, stemming from alleged (1) discrimination on account of Plaintiff's disability, perceived disability, and age; (2) a failure to accommodate Plaintiff's disability; and (3) a failure to engage in the interactive process. (*Id.* at 5–11).

Defendants removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Defendants represent that Plaintiff is a citizen of the State of Ohio and Defendant Old Dominion is a citizen of both Virginia and North Carolina. (*Id.* at 2–3). Defendants acknowledge that Defendant Zielinksi, like Plaintiff, is also a citizen of the State of Ohio. However, Defendants assert that his citizenship "should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441…." (*Id.* at 3). Specifically, Defendants argue that the Court should ignore Defendant Zielinksi's citizenship because the Complaint presents no colorable claim against him and Plaintiff fraudulently joined him in an apparent effort to defeat this Court's jurisdiction. (*Id.*).

The following week, Defendants moved to dismiss the claims against Defendant Zielinksi, arguing that Plaintiff failed to plead facts sufficient to establish Defendant Zielinski's individual liability. (Doc. 4). Then, on January 5, 2018, Plaintiff filed an Amended Complaint, alleging the same causes of action but bolstering the allegations as to Defendant Zielinksi. (Doc. 6). That same day, Plaintiff filed a Motion to Remand, requesting that this Court remand the case back to the Franklin County Court of Common Pleas (hereinafter, "the State Court") for lack of subject matter jurisdiction. (Doc. 7). The Court subsequently stayed the briefing on Defendants' Motion to Dismiss in order to address the Motion to Remand first. (Doc. 9).

Defendants filed their Response in Opposition to the Motion to Remand (Doc. 14), but rather that filing a Reply (even after seeking an extension to do so), Plaintiff filed a Motion for

Leave to Conduct Limited Jurisdictional Discovery Related to Plaintiff's Motion to Remand (Doc. 17). In that Motion, Plaintiff requested that his deadline to file a Reply to the Motion to Remand be stayed (*id.*), which the Court granted. (Doc. 18). After the Court expedited briefing on jurisdictional discovery (Doc. 18), Defendants filed their Response in Opposition (Doc. 19), and Plaintiff filed his Reply (Doc. 20). The Court now considers both Motions.[1]

## II. LEGAL STANDARD

"[A] defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996). Relevant to this case, district courts have federal jurisdiction based on diversity citizenship in actions "where the matter in controversy exceeds the sum or value of $75,000" and where the controversy is between "citizens of different States." 28 U.S.C. § 1332; s*ee also 3LI Consultant Grp. v. Catholic Health Partners*, No. 1:15-cv-455, 2016 WL 246202, at *1 (S.D. Ohio Jan. 21, 2016). The statute requires "complete" diversity of citizenship, meaning no plaintiff resides in the same state as any defendant. *Myers Indus., Inc. v. Young*, No. 5:13-CV-01278, 2013 WL 4431250, at *1 (N.D. Ohio Aug. 16, 2013) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)). If complete diversity of citizenship exists, defendants may remove an action filed by a plaintiff in state court pursuant to 28 U.S.C. § 1441. *Id.*

If, however, it appears that the federal district court to which a case was removed lacks subject matter jurisdiction, the case must be remanded. *See, e.g.*, *Woodworth v. Time Warner Cable, Inc.*, No. 1:15 CV 1685, 2015 WL 6742085, at *1 (N.D. Ohio Nov. 2, 2015) ("Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial,

---

[1] Although Plaintiff did not have an opportunity to file a Reply to the Motion to Remand, because the Court's recommendation is in Plaintiff's favor, there is no prejudice.

it appears that the federal district court to which they were removed lacks subject matter jurisdiction."). "However, the 'fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.'" *Id.* (quoting *Coyne v. The Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). Thus, if a non-diverse party has been joined as a defendant—and in the absence of a federal question—the removing defendant may avoid remand by demonstrating that the non-diverse party was fraudulently joined. *Murray Energy Holdings Co. v. Bloomberg, L.P.*, No. 2:15-CV-2845, 2016 WL 3355456, at *2 (S.D. Ohio June 17, 2016). Put another way, "fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne*, 183 F.3d at 493 (citation and internal quotes omitted).

To determine whether a defendant is fraudulently joined, a court must ask whether "it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Murray Energy Holdings Co.*, 2016 WL 3355456, at *2 (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). In other words, "the question is whether a colorable cause of action exists against the non-diverse defendant." *Markins v. Sw. Airlines Co.*, No. 5:17 CV 793, 2017 WL 4050195, at *2 (N.D. Ohio Sept. 13, 2017) (citing *Jerome–Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (1994)). Importantly, a court does not probe a plaintiff's motive for joining a non-diverse defendant to the lawsuit because motive is immaterial to the analysis. *See, e.g.*, *Jerome–Duncan, Inc.*, 176 F.3d at 907; *see also Kovacic v. Clark Retail Ent., Inc.*, No. 1:08CV1921, 2008 WL 11381423, at *2 (N.D. Ohio Nov. 19, 2008) ("The court examines the legal sufficiency of the claim, not [a plaintiff's] actual motive for joining the non-diverse defendants.") (listing cases).

Ultimately, the removing party bears the burden of demonstrating that no colorable cause of action exists under state law. *Murray Energy Holdings Co.*, 2016 WL 3355456, at *2. Courts

have described this burden as "an uphill struggle in persuading the Court that not only does the complaint fail to state a claim against the non-diverse defendant, but that there is not even a colorable argument that it does." *Eckhart v. Depuy Orthopaedics, Inc.*, No. 203-CV-1063, 2004 WL 524916, at *2 (S.D. Ohio Mar. 3, 2004); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952 (6th Cir. 2011) ("The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

Courts have explained the fraudulent joinder inquiry as similar to one under a "motion to dismiss under Fed. R. Civ. P 12(b)(6), but as even more deferential" to a plaintiff. *Markins*, 2017 WL 4050195, at *2; *see also Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) ("When deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss."). Further, as is the case over any dispute regarding whether removal is proper, all doubts must be resolved in favor of remand. *See, e.g.*, *Kovacic*, 2008 WL 11381423, at *2 ("Any disputed questions of fact or ambiguities of state law are resolved in favor of the non-removing party."); *Long v. Bando Mfg. Co. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (stating "removal statutes are to be narrowly construed" because "they implicate federalism concerns"). All of this is to say that Defendants' burden here is very high.

## III. DISCUSSION

### A. Motion to Remand (Doc. 7)

As an initial matter, the Court must consider Plaintiff's allegations at the time of removal when analyzing fraudulent joinder. *Markins*, 2017 WL 4050195, at *1 (citing *Coyne*, 183 F.3d at 492). Thus, the Court takes into account only allegations in the original Complaint ("the Complaint"), and not the added factual allegations made in the January 5, 2018 Amended

5

Complaint (Doc. 8). *See Markins*, 2017 WL 4050195, at *1.

With this in mind, the Court turns to Defendants' arguments that Defendant Zielinksi was fraudulently joined because Plaintiff "has no colorable basis for his Ohio Revised Code Chapter 4112 claims" against him. (Doc. 1 at 3). Specifically, Defendants contend that Plaintiff's Complaint does not allege that Defendant Zielinski: "(1) played any role in setting physical requirements for Old Dominion's drivers; (2) told Plaintiff that he could not work because of his physical restrictions; (3) refused to accommodate any requests made by Plaintiff; (4) refused to engage Plaintiff in the interactive process; (5) treated Plaintiff any differently on the basis of Plaintiff's alleged disability; (6) perceived Plaintiff as disabled; or (7) treated Plaintiff any differently on the basis of Plaintiff's age." (*Id.* at 3–4).

Although the Complaint has few explicit allegations against Defendant Zielinski as an individual, Plaintiff also alleges that "Defendants," which includes Defendant Zielinski, violated various sections of O.R.C. § 4112.02 in his Claims for Relief section within the Complaint. (*Id.* at 5–11). Further, the Complaint alleges that Defendant Zielinski is a resident of the State of Ohio; that he was "the terminal manager with supervisory authority over" Plaintiff; and that he "was an individual responsible for firing" Plaintiff. (Doc. 3 at 4).

Defendants concede that a supervisor/manager may be held jointly and/or severally liable with his employer for discriminatory conduct in violation of O.R.C. § 4112. (Doc. 14 at 10); *see also Genaro v. Cent. Transp., Inc.*, 84 Ohio St.3d 293, 296 (1999). Defendants argue, however, that under *Williams v. General Electric Co.*, 269 F. Supp. 2d 958, 970 (S.D. Ohio 2003), individual supervisors and/or managers can only be held liable when they play a "direct role in making [the complained of] employment decision[s]." (Doc. 14 at 10). Here, Plaintiff alleges that Defendant Zielinski had supervisory authority and was an individual responsible for his firing. Although the

6

allegations are somewhat terse, Plaintiff's core allegation is that Defendant Zielinski was not simply a bystander, but instead an active participant who played a direct role in the firing process. *See McKinney v. CVS Caremark Corp.*, No. 2:13-CV-00863, 2014 WL 171838, at *4 (S.D. Ohio Jan. 13, 2014), *adopted by* No. 2:13-CV-863, 2014 WL 1608489 (S.D. Ohio Apr. 22, 2014).

As explained above, even if a complaint "is too vague or conclusory to withstand a motion to dismiss on remand, the sufficiency of the Complaint faces a higher threshold than does the establishment of a colorable cause of action under the removal statute." *Markins*, 2017 WL 4050195, at *3. Based on this standard and Plaintiff's allegations, "the Court cannot say to a requisite degree of certainty that [P]laintiff will be unable to state a claim against" Defendant Zielinski, especially because all doubts must be resolved in favor of remand. *See Vogt v. Total Renal Care, Inc.*, No. 1:13 CV 1719, 2013 WL 5740066, at *3 (N.D. Ohio Oct. 22, 2013). Although Defendant Zielinski stated in an affidavit that he played "no role in deciding whether to extend [Plaintiff's] medical leave and/or terminate his employment" (Doc. 14-1 at 2), this simply creates a "he said, he said" situation. This Court has previously held that,

> because the appropriate standard for a claim of fraudulent joinder is whether there is a possibility that the state court would find the complaint states a cause of action against the resident defendant . . . contested issues of fact and uncertainty as to the controlling substantive law should be resolved in favor of the plaintiff.

*Eckhart*, 2004 WL 524916, at *5 (quotations and citations omitted). Because there is "a reasonable possibility that [Plaintiff's] factual allegations state a claim under state law," the actual "truth of the allegations and merits" are to be left to the trier of fact—and are not to be resolved at this juncture. *Id.*

Finally, Defendants aver that Plaintiff fraudulently joined Defendant Zielinksi "in an apparent effort to defeat the jurisdiction of this Court." (*Id.* at 3). As explained above, however, Plaintiff's motives are irrelevant to the fraudulent joinder analysis. *See, e.g.*, *Jerome–*

7

*Duncan, Inc.*, 176 F.3d at 907. Instead, the Court's only inquiry is "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Probus v. Charter Comm., LLC*, 234 F. App'x 404, 407 (6th Cir. 2007); *see also Eckhart*, 2004 WL 524916, at *3 ("[T]he Court's task is limited to determining whether the complaint states any claim against the resident defendant that is even arguably permitted under state law.").

Applying this standard, the Court finds that the Complaint states a colorable claim and Defendant Zielinski was not fraudulently joined. Consequently, complete diversity between the adverse parties does not exist, and the Court lacks jurisdiction over this matter. *See, e.g.*, *id.* The Court notes, however, that it may very well see this case again: If the State Court agrees with Defendants' merits arguments regarding the claims against Defendant Zielinksi and dismisses him from the case, Defendant Old Dominion may choose to remove the case yet again. But that is for the State Court to decide. *See Eckhart*, 2004 WL 524916, at *2 ("When a colorable argument in support of the claim against the non-diverse defendant exists, although the defendant may ultimately succeed in having the claim dismissed by the state court, removal of the case is improper."). For those reasons, the undersigned **RECOMMENDS** that this case be **REMANDED**.

Finally, Plaintiff has asked this Court for an award of fees and costs incurred as a result of Defendants' removal of this case. (Doc. 7). Under 28 U.S.C. § 1447, it is within the Court's discretion whether to award such fees and costs. When an objectively reasonable basis exists for seeking removal, however, fees should be denied. *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 523 (6th Cir. 2012). It cannot be said here that Defendants lacked an objectively reasonable basis for removal. Thus, Plaintiff's request for award of fees and costs is **DENIED.**

### B. Motion for Limited Jurisdictional Discovery (Doc. 17)

In an effort to support his Motion to Remand, Plaintiff seeks jurisdictional discovery—namely, 16 document requests, depositions of Defendant Zielinksi, non-party Vynae Jamison, and a 30(B)(6) notice of deposition. (Doc. 17). While a court has discretion "to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts," such discovery is not necessary in this case. *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 971 (S.D. Ohio 2003); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (holding that a court may pierce the pleadings "only to identify the presence of *discrete and undisputed facts* that would preclude plaintiff's recovery against the in-state defendant"). Here, as described above, the parties dispute Defendant Zielinski's role in Plaintiff's termination. The affidavits, potential discovery responses, and depositions Plaintiff seeks all concern Defendant Zielinski's role and whether the facts actually support Plaintiff's claims. As such, the requested discovery goes to the heart of this matter and is "more appropriately left for the court which ultimately takes control of the case." *Markins*, 2017 WL 4050195, at *2 (quoting *Little v. Perdue Pharma, L.P.*, 227 F. Supp. 2d 838, 847 (S.D. Ohio 2002). Consequently, Plaintiff's Motion for Limited Jurisdictional Discovery (Doc. 17) is **DENIED.**

## IV. CONCLUSION

For those reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 7) be **GRANTED**, but Plaintiff's request for attorney's fees is **DENIED**. Further, Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery Related to Plaintiff's Motion to Remand (Doc. 17) is **DENIED.**

IT IS SO ORDERED.

Date: April 3, 2018         /s/ Kimberly A. Jolson
                            KIMBERLY A. JOLSON
                            UNITED STATES MAGISTRATE JUDGE