**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Richard Jones,**

    **Plaintiff,**

    **v.**        Case No. 2:17-cv-1127

**Old Dominion Freight Line, Inc., *et al.*,**    Judge Michael H. Watson

    **Defendants.**    Magistrate Judge Jolson

## OPINION AND ORDER

Richard Jones ("Plaintiff"), a truck driver, filed this suit in the Franklin County Court of Common Pleas against his former employer, Old Dominion Freight Line, Inc. ("Old Dominion") and his former terminal manager, John Zielinski ("Zielinski")[1] (collectively "Defendants"). Compl. 1, ECF No. 3.

Defendants removed the case to this Court on December 21, 2017, asserting diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. Defendants asserted that Old Dominion is a corporation organized under the laws of Virginia with a principal place of business in North Carolina. *Id.* ¶ 6. Defendants conceded that Zielinski is a citizen of Ohio but claimed that he was fraudulently joined because Plaintiff had "no reasonable cause of action" against Zielinski. *Id.* ¶ 7.

---

[1] Plaintiff incorrectly spelled Zielinski as "Zlinski" in the Complaint, but the Court will use the correct spelling throughout this Opinion and Order.

The following week, Defendants moved to dismiss all claims against Zielinski pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Shortly thereafter, Plaintiff filed an Amended Complaint that bolstered the allegations against Zielinski. ECF No. 6. Plaintiff also filed a motion to remand based on a lack of subject matter jurisdiction. ECF No. 7.

On April 3, 2018, Magistrate Judge Jolson issued a Report and Recommendation and Order ("R&R"), ECF No. 21, recommending that Plaintiff's motion to remand be granted and denying Plaintiff's request for attorney's fees.[2] Specifically, Magistrate Judge Jolson found that Zielinski was not fraudulently joined but also concluded that Defendants had an objectively reasonable basis for removal; therefore, attorney's fees were denied. R&R 8, ECF No. 21.

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must conduct a de novo review of any part of the Magistrate Judge's recommendation on a "matter dispositive of a claim or defense" that has received proper objections. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.* With respect to any non-dispositive matter, the Undersigned

---

[2] The R&R also denied Plaintiff's motion to conduct limited jurisdictional discovery, but that order is not relevant to Plaintiff's objection.

must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).[3]

Despite receiving an unfavorable ruling on the motion to remand, Defendants did not object to the R&R. However, Plaintiff timely objected to four specific portions of the R&R: 1) the denial of attorney's fees; 2) the decision to not allow Plaintiff to file a reply memorandum in support of the motion to remand; 3) the denial of Plaintiff's motion for jurisdictional discovery; and 4) the decision to not consider the First Amended Complaint when ruling on the motion to remand. *See generally*, ECF No. 22. The latter two objections were raised in the event that Defendants objected to the R&R; therefore, because Defendants did not object, the Court will not address them. *See id.* at 15–16.

### A. Plaintiff's Lack of Reply

The Court begins by briefly addressing Plaintiff's second objection—that Magistrate Judge Jolson erred by deciding the motion to remand before Plaintiff filed a reply. Magistrate Judge Jolson addressed this issue in her R&R in a footnote, stating that "[a]lthough Plaintiff did not have an opportunity to file a

---

[3] Plaintiff assumes throughout his objection that Magistrate Judge Jolson's ruling with respect to attorney's fees was dispositive and therefore subject to de novo review. Defendants do not reference the appropriate standard of review. The Court is not convinced that the denial of attorney's fees was a recommendation on a matter dispositive of a claim or defense, particularly given the language used in the R&R which "recommended that Plaintiff's Motion to Remand be granted," but stated that the request for attorney's fees was denied without phrasing it as a recommendation. R&R 1, ECF No. 21 (emphasis removed). Nevertheless, because the parties do not brief the issue and it does not change the Court's decision, this opinion will assume de novo review is appropriate.

Reply to the Motion to Remand, because the Court's recommendation is in Plaintiff's favor, there is no prejudice." R&R 3, n.1, ECF No. 21. Plaintiff does not cite any case law to support the argument that the failure to consider a reply is reversible error. In the absence of such support, the Court does not find that the failure to consider a reply alone dictates reversal of an otherwise well-reasoned R&R.[4]

### B. Denial of Attorney's Fees

This leaves one primary objection to the R&R: Magistrate Judge Jolson erred by denying Plaintiff's motion for attorney's fees. Plaintiff raises three specific objections to the R&R's denial of attorney's fees: 1) the R&R did not articulate its specific reasoning; 2) the R&R did not apply the correct legal standard; and 3) the R&R erred in finding removal was objectively reasonable. Obj. 2–14, ECF No. 22.

### 1. The R&R did not articulate its specific reasoning

Plaintiff first asserts that the R&R did not articulate specific reasoning for denying the motion for attorney's fees. Obj. 2, ECF No. 22. Plaintiff cites cases for the proposition that courts must explain their reasoning and not simply issue

---

[4] Plaintiff asserts that he was prejudiced by the lack of a reply because it "may have precluded [him] from preserving arguments should Defendants object to the R&R[]," which they did not, and because Plaintiff did not receive the benefit of a reply in support of his motion for attorney's fees. Obj. 15, ECF No. 22. Plaintiff's contention that his lack of a reply could result in his failure to preserve arguments rings hollow. A party is not permitted to raise new arguments on reply in any event, so a reply would not have expanded the scope of arguments for review.

conclusory opinions. *Id.* at 2–3. This is certainly true, but it does not apply to the R&R. While it is true that the specific discussion of attorney's fees in the R&R was limited to one paragraph that simply stated the applicable standard and concluded that "[i]t cannot be said here that Defendants lacked an objectively reasonable basis for removal," R&R 8, ECF No. 21, the preceding seven pages of the R&R addressed the basis for removal and the strength of Defendants' arguments for removal in depth. The R&R stated that "the Complaint has few explicit allegations against Defendant Zielinski as an individual" and that "the allegations are somewhat terse." R&R 6–7, ECF No. 21. Nevertheless, the R&R also considered the allegations against "Defendants" generally, instead of simply those that specifically mentioned Zielinski, and credited the allegation that Zielinski "was an individual responsible for firing" Plaintiff. *Id.* at 6. When Magistrate Judge Jolson applied the deferential standard Plaintiff is entitled to on a motion to remand challenging fraudulent joinder, she found that remand was appropriate. *Id.* at 7. The R&R provides more than enough reasoning for the Court to review Magistrate Judge Jolson's decision to deny attorney's fees.

The cases Plaintiff cites to support his argument are inapposite. *See, e.g., Bridgeport Music, Inc. v. Univ.-Mca Music Pub., Inc.*, 481 F.3d 926 (6th Cir. 2007) (considering whether "nearly identical" one-page orders granting voluntary dismissal with no analysis were sufficient to allow an abuse-of-discretion review); *DWG Corp. v. Granada Invest., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (remanding for additional analysis when the initial district court order was totally

silent on whether fees were appropriate).  The R&R recited the applicable legal standards with supporting case law and applied the facts of this case.  The R&R provided sufficient reasoning.

### 2. The R&R Did Not Apply the Correct Legal Standard

Plaintiff next argues that the R&R did not apply the correct legal standard for assessing attorney's fees for improper removal based upon fraudulent joinder.  The R&R cited the following standards for assessing attorney's fees: "Under 28 U.S.C. § 1447, it is within the Court's discretion whether to award such fees and costs.  When an objectively reasonable basis exists for seeking removal, however, fees should be denied.  *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 523 (6th Cir. 2012)."

Plaintiff contends that this standard was applied in error because it "did not refer to the Sixth Circuit's "seminal case" interpreting that standard for fraudulent joinder removals," which Plaintiff contends is found in *Kent St. Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485 (6th Cir. 2013).  Setting aside the parties' disagreement over whether this unpublished Sixth Circuit opinion represents the seminal case on attorney's fees awards in fraudulent joinder cases, the standard cited in the R&R is fully consistent with the law articulated in *Kent State*.  In *Kent State*, the Sixth Circuit started by referencing the Supreme Court's decision in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136–37 (2005), which "limited a district court's discretion to award fees, absent unusual circumstances, to those cases where 'the removing party lacked an *objectively*

*reasonable* basis for seeking removal.'" *Kent State*, 512 F. App'x at 488 (quoting *Martin*, 546 U.S. at 141). This Supreme Court precedent is what was applied in the R&R.

Plaintiff asserts that *Kent State* added to the standard that "the reasonableness of a fraudulent joinder removal 'must be viewed through the lens of *Coyne*' and its well-settled fraudulent joinder standard that imposes a 'heavy burden' on the removing defendants." Obj. 4, ECF No. 22. But the *Kent State* opinion did not purport to change the applicable standard for awarding fees or mandate analysis other than whether removal was objectively reasonable. *See Kent State*, 512 F. App'x at 488–89. Even if it did, in the R&R's analysis of the fraudulent joinder issue, Magistrate Judge Jolson cited *Coyne*, stated that "the removing party bears the burden of demonstrating that no colorable cause of action exists under state law," and described Defendants' burden as "an uphill struggle." R&R 4–5, ECF No. 21 (quoting *Murray Energy Holdings Co. v. Bloomberg, L.P.*, No. 2:15-cv-2845, 2016 WL 3355456, at *2 (S.D. Ohio June 17, 2016) and *Eckhart v. Depuy Orthopaedics, Inc.*, No. 2:03-cv-1063, 2004 WL 524916, at *2 (S.D. Ohio Mar. 3, 2004)). This is the standard Plaintiff seeks. The R&R simply did not unnecessarily repeat this analysis in the portion of the R&R specifically discussing attorney's fees.

### 3. The R&R Erred in Finding an Objectively Reasonable Basis for Removal

Plaintiff's final argument is a general objection that the R&R erred in finding that removal was objectively reasonable. Opp. 5, ECF No. 22. This objection states that "the three arguments by Defendants were objectively unreasonable," and construes Defendants' arguments this way: 1) that failure to satisfy federal pleading standards constitutes fraudulent joinder; 2) that Plaintiff's intent to make the case non-removable is relevant; and 3) that a fact dispute between the parties supports fraudulent joinder. *Id.* at 5–14. This is an inaccurate and incomplete summary of Defendants' arguments, and none of these arguments were relied upon by Magistrate Judge Jolson.

In their opposition to the motion to remand, Defendants correctly focused on the allegations included in the original Complaint, not the Amended Complaint, and argued that the Court should disregard Plaintiff's generic use of the term "Defendants" and find that the allegations specifically referencing Zielinski were insufficient. Br. in Opp. 6–9, ECF No. 14. Defendants supported this argument with reference to relevant case law from within the Sixth Circuit.

Magistrate Judge Jolson also did not rely on any of these three arguments to support her recommendation for remand or in finding removal was objectively reasonable. First, with respect to the pleading standard to be applied, the R&R analyzed whether the complaint was sufficient under state law and did not mention federal pleading standards other than to say that the fraudulent joinder inquiry is even more deferential than a motion to dismiss under Rule 12(b)(6). R&R 5, ECF No. 21. Second, regarding Plaintiff's intent in naming Zielinski, the

R&R states that "a court does not probe a plaintiff's motive for joining a non-diverse defendant to the lawsuit because motive is immaterial to the analysis." *Id.* at 4. Finally, with respect to any attempt by Defendants to create a factual dispute to support fraudulent joinder, the R&R relied completely on the allegations in the Complaint, not factual disputes, and stated that "[b]ecause there is 'a reasonable possibility that [Plaintiff's] factual allegations state a claim under state law,' the actual 'truth of the allegations and merits' are to be left to the trier of fact—and are not to be resolved at this juncture." *Id.* at 7.

After reviewing the R&R's thorough analysis of the motion to remand and conducting its own de novo review, the Court finds that, based upon the sparse allegations related to Zielinski in the original Complaint, it was objectively reasonable for Defendants to remove this case. As Defendants pointed out in their opposition to the motion to remand, "[t]he factual insufficiency of a plaintiff's claim may be a basis for removal based upon fraudulent joinder." *Clarkwestern Dietrich Bldg. Sys. LLC v. Certified Steel Stud Ass'n*, Case No. 1:13-cv-818, 2013 U.S. Dist. LEXIS 194260, at *20 (S.D. Ohio Dec. 20, 2013). Plaintiff's Amended Complaint added substantially to the allegations related to Zielinski, but in the original Complaint there was very little connection between Zielinski and the allegedly offending conduct other than conclusory statements.

### C. Conclusion

For all of these reasons, Plaintiff's objections are **OVERRULED**, the R&R, ECF No. 21, is **ADOPTED**. Plaintiff's motion to remand, ECF No. 7, is

**GRANTED**, but Plaintiff's request for attorney's fees is **DENIED**. Defendants' motion to dismiss, ECF No. 4, is **DENIED** as **MOOT**. The Clerk shall remove ECF Nos. 4, 7, and 21 from the Court's pending motions list.

**IT IS SO ORDERED.**

<u>s/Michael H. Watson</u>
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**